**SECOND DIVISION**
**RICKMAN, P. J.,**
**HODGES and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 27**, 2025

# In the Court of Appeals of Georgia

A25A0116. COHEN et al. v. PROGRESSIVE MOUNTAIN INSURANCE COMPANY.

RICKMAN, Presiding Judge.

In this declaratory judgment action, Emily Cohen, Jacob Cohen, and Janice Cohen (collectively, "the Cohens") appeal the trial court's grant of Progressive Mountain Insurance Company's motion for judgment on the pleadings and the denial of their motion for the same. The Cohens contend that the trial court erred in concluding that OCGA § 9-11-67.1 (2021), which applies to offers to settle tort claims for personal injury, bodily injury, or death arising from the use of a motor vehicle "[p]rior to the filing of an answer," applies to an offer that they made to settle their claims against Progressive's insured. For the following reasons, we reverse.

We review de novo a trial court's ruling on a motion for judgment on the pleadings. See *Rogers v. HHRM Self-Perform*, 365 Ga. App. 862, 863 (880 SE2d 351) (2022).

The relevant facts are not in dispute. In December 2021, Mark Andrew Cohen was killed after a vehicle driven by Mary Angela Bell crashed into his vehicle. At the time of the accident, Bell was an insured under a policy with Progressive. Travelers Property and Casualty Company provided uninsured/underinsured motorist coverage to Cohen.

In January 2023, the Cohens filed a lawsuit against Bell. On February 14, 2023, Travelers filed an answer. On February 16, 2023, the Cohens sent Progressive a letter offering to settle their claims against Bell for the insurance policy limits of $25,000. The Cohens' February 16 letter contained a 14-day deadline for responding to the offer. Bell filed her answer on February 28, 2023. On March 8, 2023, Progressive responded to the February 16 letter, stating its position that OCGA § 9-11-67.1 governed the Cohens' offer because it was "sent prior to the filing of an answer," and that multiple terms of the offer "appear to be non-compliant with the current requirements of OCGA § 9-11-67.1[.]"

2

In November 2023, Progressive filed a declaratory judgment action against the Cohens asking the trial court to declare that (1) OCGA § 9-11-67.1 applies to the Cohens' February 16 letter because it was sent prior to Bell filing an answer; and (2) the February 16 letter did not constitute a valid offer to settle because it did not comply with OCGA § 9-11-67.1. The Cohens answered, seeking a declaration that OCGA § 9-11-67.1 did not apply because "an answer" had been filed in the underlying case before the Cohens sent the February 16 letter.

The Cohens moved for judgment on the pleadings. Progressive opposed the Cohens' motion and cross-moved for judgment on the pleadings. After a hearing, the trial court granted Progressive's motion and denied the Cohens' motion. The trial court held that the February 16 letter was required to comply with OCGA § 9-11-67.1 because "the most reasonable interpretation of 'an answer' in OCGA § 9-11-67.1, is that it means the answer of the actual defendant in the tort case against whom the settlement demand is directed." As Progressive had requested, the trial court declared that the February 16 letter was required to comply with OCGA § 9-11-67.1 and that it did not comply with OCGA § 9-11-67.1. This appeal followed.

The Cohens contend that the trial court erred by interpreting the phrase "an answer" to exclude the answer filed by Travelers and by declaring that the February 16 letter was required to comply with OCGA § 9-11-67.1. We agree.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. . . . [I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga.170, 172-173 (1) (a) (751 SE2d 337) (2013).

With these principles in mind, we turn to the statutory text at issue in this appeal. OCGA § 9-11-67.1, as amended in 2021,[1] provides, in pertinent part:

(a) Prior to the filing of an answer, any offer to settle a tort claim for personal injury, bodily injury, or death arising from the use of a motor

---

[1] Because the accident at issue here occurred in December 2021, we consider the version of OCGA § 9-11-67.1 in effect at that time. OCGA § 9-11-67.1 has since been amended.

vehicle and prepared by or with the assistance of an attorney on behalf of a claimant or claimants shall be in writing and:

> (1) Shall contain the following material terms:
>
>> (A) The time period within which such offer must be accepted, which shall be not less than 30 days from receipt of the offer;
>>
>> (B) Amount of monetary payment;
>>
>> (C) The party or parties the claimant or claimants will release if such offer is accepted;
>>
>> (D) For any type of release, whether the release is full or limited and an itemization of what the claimant or claimants will provide to each releasee; and
>>
>> (E) The claims to be released[.]

OCGA § 9-11-67.1 (a) (1).

By its plain language, the 2021 version of OCGA § 9-11-67.1 only applies to offers "[p]rior to the filing of an answer[.]" OCGA § 9-11-67.1 (a). The plain and ordinary meaning of "an answer" is "any answer." See *Patterson v. Ga. Pacific*, 38 F4th 1336, 1349 (III) (B) (2) (11th Cir. 2022) ("[T]he indefinite article 'an' means 'any.'"). Because the statutory text at issue is clear and unambiguous, we attribute its plain meaning to OCGA § 9-11-67.1. See *Deal*, 294 Ga. at 173 (1) (a). Had the General Assembly intended for OCGA § 9-11-67.1 to apply to offers made prior to an answer

being filed *by the defendant in the tort case against whom the settlement demand is directed*, it certainly could have so stated. "[T]his [C]ourt cannot add language to a statute by judicial decree." (Citation and punctuation omitted.) *Moosa Co. v. Commr. of Ga. Dept. of Revenue*, 353 Ga. App. 429, 432 (838 SE2d 108) (2020). "And we may not add meaning to a statute to further what we perceive to have been the General Assembly's policy goals in enacting the legislation." *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 857 (2) (b), n. 8 (797 SE2d 814) (2017).

Because the February 16 letter was sent after Travelers filed an answer, the trial court erred in declaring that the February 16 letter was required to comply with OCGA § 9-11-67.1.

*Judgment reversed. Hodges and Davis, JJ., concur*.